IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sulester Dukes, | C/A No. 4:21-cv-01483-SAL |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Town of Kingstree, | |
| Defendant. | |

This matter is before the Court for review of the August 9, 2021 Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 12.] In the Report, the Magistrate Judge recommends that Defendant's Partial Motion to Dismiss be granted and Plaintiff's Third Cause of Action for Negligent Supervision and Retention be dismissed. *Id.* Plaintiff timely filed objections to the Report. [ECF No. 15.] Thus, this matter is ripe for review. For the reasons outlined herein, the Court adopts the Report in its entirety.

## BACKGROUND

The Report sets forth in detail the relevant facts and standards of law on this matter. *See* [ECF No. 12.] This Court incorporates those facts and standards without a recitation.[1]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this

---

[1] No party objected to the Magistrate Judge's recitation of the factual background and legal standards.

Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report to which specific objections have been made, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of specific objections to portions of the Report, this Court is not required to explain adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than just a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

2

## DISCUSSION

Plaintiff objects to the Report's determination that his claim for negligent supervision fails because no legal duty of care arose within Plaintiff's at-will employment relationship with Defendant. [ECF No. 15.] Plaintiff argues that South Carolina case law supports the existence of a duty of a care that arises within the at-will employment relationship and permits him to bring a negligent supervision and retention claim against his former employer. *Id.*

To establish a claim for negligence, a plaintiff must demonstrate: "(1) the [defendant] owed him a duty to do or not to do any of the things alleged; (2) the [defendant] breached this duty; (3) [plaintiff] was injured, and; (4) the [defendant's] breach of duty proximately caused this injury." *Gause v. Doe*, 451 S.E.2d 408, 409 (Ct. App. 1994). "An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 86 (S.C. 1998). Whether a duty of care exists under the facts alleged is a matter of law. *See Steinke v. S.C. Dep't of Labor, Licensing & Regulation*, 520 S.E.2d 142, 149 (S.C. 1999) ("The court must determine, as a matter of law, whether the law recognizes a particular duty.").

Plaintiff, an at-will employee, alleges that he was terminated for refusing to have his temperature taken at work by an employee not wearing a mask. [ECF No. 5 ¶¶ 23–24.] He alleges that he previously complained to his supervisors about employees "failing to use sanitation and proper PPE" and that Defendant had reason to know that supervisors Treme and Lowery required excessive supervision and had engaged in retaliatory employment practices. *Id.* ¶¶ 20, 41–44. Plaintiff avers Defendant had a duty to exercise reasonable care in supervising Treme and Lowery, and the failure to do so resulted in the foreseeable harm of his termination. *Id.* ¶¶ 42–43. Plaintiff seeks pecuniary damages for "lost wages, diminished earning capacity, and lost benefits." *Id.* ¶

3

49. The Court agrees with the Report that, under the facts of this case, Defendant owed no legal duty to Plaintiff.

Under South Carolina law, "[a]n at-will employee may be terminated at any time for any reason or for no reason, with or without cause." *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C. 2010). As the court of appeals ruled in *Gause v. Doe*, 451 S.E.2d 408, 409 (Ct. App. 1994), the ability to terminate an at-will employee at any time, for any reason, or for no reason at all is "irrespective of any inadequate investigations, false assumptions, or failures to reevaluate on the part of the employer." In *Gause*, the plaintiff brought a negligence claim against his former employer for inadequately investigating allegations against him pre-termination and failing to re-evaluate post-termination, and the court found "Gause fail[ed] to meet the first element of a negligence claim because his complaint does not allege he was anything other than an at-will employee." *Id.* Other courts have relied on *Gause* in dismissing negligence claims brought by at-will employees challenging the adequacy of pre-termination investigations. *See Anthony v. Atl. Grp., Inc.*, 909 F. Supp. 2d 455, 474 (D.S.C. 2012), *aff'd* (July 12, 2013) ("[Defendant] owed its [at-will] employees no duty to conduct a proper investigation, such that it is immaterial whether the investigation was based on inaccurate data, whether Plaintiffs were given an opportunity to clear up any misunderstandings . . . or whether Plaintiffs were fired based on ineligibility or failure to participate in the investigation." (citing *Gause*, 451 S.E.2d at 409)); *Brotherton v. CB&I Project Servs. Grp., LLC*, No. CV 1:18-3539-CMC-PJG, 2019 WL 1593996, at *1–2 (D.S.C. Apr. 15, 2019) (adopting the magistrate's recommendation to dismiss plaintiff's negligence and gross negligence claims because his employer owed no duty of due care in conducting a pre-termination investigation).

Plaintiff emphasizes that he does not allege that Defendant failed to properly investigate the

circumstances of his termination and instead alleges "Defendant's failure to use reasonable care in the supervision, investigation, and retention of *other* employees" caused his termination-related damages. [ECF No. 15 at 9–10.] However, the underlying nature of Plaintiff's claim is that Defendant's negligence caused his termination and ensuing damages, which is consistent with the cases cited in the Report. Further, in *Parsons v. Smith*, No. 2015-UP-403, 2015 WL 4755608, at *2 (S.C. Ct. App. Aug. 12, 2015), the court of appeals affirmed the trial court's grant of summary judgment on an at-will employee's claim of negligent supervision of *another* employee. The plaintiff, Parsons, alleged that her former employer was negligent in supervising her supervisor, Smith, and failing to investigate her allegations of mistreatment by Smith. *Id.* at *1. The court found that "[defendant] Hospital owed Parsons no duty to supervise Smith's scheduling and no duty to investigate Parson's claims against Smith." *Id.* at *2. (citing *Taghivand v. Rite Aid Corp.*, 768 S.E.2d 385, 386 and *Gause*, 451 S.E.2d at 409). The Court elaborated that "it is uncontested that Smith had complete discretion in setting the schedule for her employees, and therefore, Hospital had no duty to supervise or investigate the manner in which Smith scheduled her employees. Therefore, no duty to supervise or investigate arose in this case." *Id.*

Plaintiff argues that "the court in *Parsons* found that no duty existed to investigate the complained-of employee, not because of the plaintiff's at-will status, but instead because the complained-of employee had complete discretion to engage in the actions which formed the basis of the complaint," and here, "Plaintiff does not concede that Defendant's employees had complete discretion to engage in the pattern of self-dealing behavior evident in this case." [ECF No. 15 at 10.] However, even assuming arguendo that the outcome of *Parsons* hinged on the complete discretion of the supervisor to engage in the complained-of behavior, Plaintiff has failed to allege any facts indicating that the Defendant's Town Manager, Treme, and Defendant's Human

Resources Manager, Lowery, did not have complete discretion in how they responded to Plaintiff's complaints of employees not following COVID-19 protocol. *See* [ECF No. 5 ¶¶ 10-22.] Like in *Parsons*, the Court finds that no duty arose here to supervise Treme and Lowery or investigate employee claims against them.

Plaintiff further argues *Sabb v. South Carolina State University*, 567 S.E.2d 231, 237 (S.C. 2002) supports his position that a duty of care arose within the at-will employment relationship when Defendant was placed on notice of Treme and Lowery's alleged behavior and past actions. *See* [ECF No. 15 at 6]. However, unlike the instant case, the plaintiff in *Sabb* was transferred and not terminated, alleged that her employer's negligence caused health problems, and brought her claims under the South Carolina Workers' Compensation Act ("SCWCA"), which provided the exclusive remedy for her negligent supervision and retention claim. 567 S.E.2d at 234–36.

Plaintiff did not bring his claim under SCWCA[2] but cites other cases where negligence claims were barred by the Act.[3] Plaintiff argues:

> [T]he court in *Simmons* specifically discussed scenarios in which an at-will employee may bring a viable claim of negligent supervision against a former employer. *Id*. "Under circumstances where an intentional tort is committed by the employer or a tortfeasor/co-employee is an alter ego of the employer, employer liability may fall outside the scope of the SCWCA." *Id*. citing *Dickert v. Metropolitan Life Ins. Co.,* 311 S.C. 218 (S.C. 1993), and *Peay v. U.S. Silica Co.,* 313 S.C. 91 (S.C. 1993). In this case, the South Carolina Workers Compensation Act ("SCWCA") is no shield for Defendant, and thus liability may attach for a

---

[2] *See* ECF No. 5 ¶¶ 43–45 (alleging "Plaintiff did not suffer any physical injury;" "Plaintiff did not suffer any mental injury as the result of Defendant's negligence that would be compensable under [SCWCA];" and "Plaintiff suffers and seeks damages for pecuniary as a result of this claim—not for any damages that might be compensable under [SCWCA]").

[3] *See Simmons v. Sci. Int'l Applications Corp.,* No. CIV.A. 5:11-1426-TLW, 2012 WL 761716, at *4 (D.S.C. Feb. 13, 2012), *report and recommendation adopted*, 2012 WL 761726 (D.S.C. Mar. 8, 2012) ("Even if Simmons has stated a claim for negligent supervision, this claim is preempted by the exclusivity provision of [SCWCA], S.C.Code Ann. § 42–1–540, because Simmons alleges a personal injury arising out of and in the course of his employment."); *Loges v. Mack Trucks, Inc.,* 417 S.E.2d 538 (S.C. 1992) (finding claim for negligent supervision barred by exclusivity provision of SCWCA).

breach of the duty acknowledged in *Simmons.*

[ECF no. 12 at 7.]   However, the Report does not apply SCWCA as a shield and only mentions the Act to note "to the extent Plaintiff is considered to be claiming physical injury his negligence claim is foreclosed by the exclusivity provision of [SCWCA]."   [ECF No. 12 at 7 n.6.]   Nor does Plaintiff allege an intentional tort committed by Defendant or that Treme or Lowery were alter egos of Defendant such that liability would fall outside of SCWCA if the Act applied to some portion of his negligence claim.

Finally, Plaintiff also cites *Colleton v. Charleston Water Sys.,* 225 F. Supp. 3d 362, 373 (D.S.C. 2016) as a substantially similar case.   In *Colleton,* the plaintiff alleged his supervisors used racial slurs against him and that he was terminated due to racial discrimination when supervisors enforced a no-stopping policy against him but not against white truck drivers.   *Id.* at 355–56.   Regarding the plaintiff's negligent supervision claim, the court noted that "SCWCA preempts claims regarding workplace physical injury, including physical injury resulting from negligent supervision," claims of "emotional distress resulting from workplace physical injury," and claims of intentional infliction of emotional distress, but SCWCA "does not preempt workplace defamation claims." *Id.* at 373 (citations omitted).   The court found that the plaintiff looked to the wrong standard in his attempt to bring his negligent supervision claim and granted him leave to amend to re-allege the tort.   *Id.* at 374.   Because leave was granted without discussion of the merits of the plaintiff's claim or discussion of at-will employment, the Court is not persuaded that *Colleton* supports that a duty to Plaintiff arose under the facts of the instant case, such that he could plead an actionable negligent supervision claim.

The Court agrees with Plaintiff that at-will employment, on its own, does not bar a

negligence claim against an employer, and the Court recognizes that there are circumstances where an at-will employee may bring an actionable claim against his employer under South Carolina law.[4]    However, the Court disagrees with Plaintiff's characterization of the Report as recommending dismissal of his claim "on the sole ground that employers do not owe a duty to at-will employees to use reasonable care in the supervision and retention of employees," and "in contradiction to well established South Carolina law, in which employees may bring actionable claims of negligent supervision and negligent retention against former employers."  [ECF No. 15 at 1.]  The Court agrees with the Report's recommendation of dismissal because "Defendant had no legal duty to Plaintiff under the facts of *this case*."  [ECF No. 12 at 7] (emphasis added).  As an at-will employee, Plaintiff had no right to keep his job and could be fired at any time, for any reason, or for no reason at all.  *See Gaus*e, 451 S.E.2d at 409.  Accordingly, the Court finds that Defendant owed no duty of care to Plaintiff as to his employment status or to reasonably supervise its employees in a way that prevented his termination.  *See Anthony*, 909 F. Supp. 2d at 474 ("[D]efendant owed no duty to their employees to conduct a more thorough investigation because their employees were at-will, and were owed no duty whatsoever regarding their terminations." (citing *Bookman v. Shakespeare Co.*, 442 S.E.2d

---

[4]  *See e.g. Hamilton v. Charleston Cty. Sheriff's Dep't*, 731 S.E.2d 727, 728 (Ct. App. 2012) ("An employer can be liable for negligent supervision of an employee when an 'employee intentionally harms another' on the employer's premises and '[the employer] (i) knows or has reason to know that he has the ability to control his [employee], and (ii) knows or should know of the necessity and opportunity for exercising such control.'" (quoting *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (1992))); *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008) ("In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public.).

183, 184 (Ct. App.1994)).  Because Plaintiff has not alleged facts that give rise to a duty

of care owed by Defendant, he is unable to state a claim for negligent supervision and

retention.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court

adopts the Report in its entirety and hereby incorporates the Report by reference.  Defendant's

motion for partial dismissal, ECF No. 12, is **GRANTED**, and Plaintiff's Third Cause of Action

for Negligent Supervision and Retention **DISMISSED.**  The Court recommits this matter to the

Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

/s/Sherri A. Lydon

October 19, 2021                                  Sherri A. Lydon
Florence, South Carolina                         United States District Judge