IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sulester Dukes,<br><br>   Plaintiff,<br><br>v.<br><br>Town of Kingstree,<br><br>   Defendant. | C/A No. 4:21-cv-01483-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion to reconsider (the "Motion"). [ECF No. 26.] This motion asks the court to reconsider its October 19, 2021 order (the "Order") dismissing Plaintiff's negligent supervision and retention claim against his former employer, the Town of Kingstree ("Defendant"). For the following reasons, the court denies the Motion.

### BACKGROUND

This is an employment case in which Plaintiff asserts three claims against his former employer, Defendant: (1) ADAAA disability discrimination; (2) retaliation in violation of the ADAAA; and (3) common law negligent supervision and retention. [ECF No. 5.] Defendant moved to dismiss the common law negligent supervision and retention claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [ECF No. 8.] Following briefing on the motion to dismiss, the Magistrate Judge issued a Report and Recommendation ("the Report") recommending the court grant Defendant's motion and dismiss the claim. [ECF No. 12.] Following a review of Plaintiff's objections to the Report, this court overruled Plaintiff's objections, adopted the Report in its entirety, and dismissed the negligent supervision and retention claim. [ECF No. 25.]

1

Plaintiff now asks the court to reconsider its Order. [ECF No. 26.] Defendant opposed the Motion, ECF No. 28, and Plaintiff filed a reply, ECF No. 29. The matter is therefore ripe for ruling by the court.

## LEGAL STANDARD

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) to allow a court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

## DISCUSSION

In the Motion, Plaintiff argues that the court improperly interpreted South Carolina's at-will employment doctrine—an alleged clear error of law. [ECF No. 26.] Plaintiff points to the following sentence in the court's Order as clearly erroneous: "Accordingly, the Court finds that Defendant owed no duty of care to Plaintiff as to his employment status or to reasonably supervise its employees in a way that prevented his termination." [ECF No. 26 at 2–3 (citing ECF No. 25 at 8).] According to Plaintiff, this ruling is incorrect because South Carolina courts have held that

2

"employers *do* owe a duty of care to employees regarding their employment status or the supervision of other employees" within an at-will employment relationship. *Id*. at 3–5 (citing *Degenhart v. Knights of Columbus*, 420 S.E.2d 495, 496 (S.C. 1992); *Sabb v. S.C. State University*, 567 S.E.2d 231, 237 (S.C. 2002); *Simmons v. Sci. Intl'l Applications*, No. 5:11-cv-1426, 2012 WL 761716 (D.S.C. 2012); *Gause v. Doe*, 451 S.E.2d 408 (S.C. Ct. App. 1994)). Despite Plaintiff's contention, the Order does not run counter to those limited situations where courts recognize a negligent supervision claim in the context of at-will employment.

### I. The Order does not find that Plaintiff's at-will employment status automatically bars *any* claim for negligent supervision.

First, Plaintiff's description of the Order's holding is too expansive. The Order agreed with Plaintiff "that at-will employment, on its own, does *not* bar a negligent supervision claim against an employer" and it "recognize[d] that there *are* circumstances where an at-will employee may bring an actionable [negligent supervision] claim against his employer under South Carolina law." [ECF No. 25 at 7–8 (emphasis added).] Furthermore, the court provided examples of situations where an at-will employee may have a viable negligent supervision claim. *See id.* at 8 n.4. Thus, the Order does not conclude that any and all negligent supervision claims fail when there is an at-will employment relationship.

The Order did find, however, that the relevant case law supports dismissal of a negligent supervision claim based on the facts pled by Plaintiff. The court is not aware of any case—and Plaintiff has not provided a similar case—that permits a negligent supervision claim that challenges and seeks compensation for employment termination.

**II. The Order properly interpreted the cases cited by Plaintiff.**

Plaintiff argues that the court misinterpreted and misapplied two cases—*Simmons v. Science International Applications*, No. 5:11-cv-1426, 2012 WL 761716 (D.S.C. Feb. 13, 2012), *report and recommendation adopted by* 2012 WL 761726 (D.S.C. Mar. 8, 2012), and *Gause v. Doe*, 451 S.E.2d 408, 410 (S.C. Ct. App. 1994). The court address each, in turn, below.

**A.** *Simmons.*

Plaintiff asserts that *Simmons* recognizes that a duty to at-will employees exists outside of the context of the South Carolina Worker's Compensation Act ("SCWCA") when an intentional tort is committed by the employer or the tortfeasor is an alter ego of the employee. [ECF No. 26 at 4.] And Plaintiff contends that he has alleged such a claim because "he has sufficiently pled that the individuals at question are alter egos of the Defendant, as Plaintiff has pled that they were acting in their capacity as employees of Defendant at the time Plaintiff suffered harm." *Id.* *Simmons* does recognize that a personal injury claim falls outside of the SCWCA's exclusivity provision in certain circumstances. However, Plaintiff has not pled such a claim.

In *Simmons* the magistrate concluded that the plaintiff's negligent supervision claim was preempted by the exclusivity provision of the SCWCA because he alleged a personal injury arising out of and in the course of his employment. *See Simmons*, 2012 WL 761716 at *4. Furthermore, the court noted that "[u]nder circumstances where an intentional tort is committed by the employer or a tortfeasor/co-employee is an alter ego of the employer, employer liability may fall outside the scope of the SCWCA." *Id.* Ultimately, the court found that such circumstances were not present in *Simmons* because the plaintiff failed to allege that an intentional tort was committed by his former employer, SIAC, or that Strickland—the alleged tortfeasor and employee of SIAC—was an alter ego of the employer. *Id.*

4

As in *Simmons*, this court found that to the extent Plaintiff claimed personal injury, his negligence claim was foreclosed by the SCWCA's exclusivity provision. *See* [ECF No. 25 at 7]. But the Report also noted that like in *Simmons*, even if SCWCA did apply to some portion of his negligence claim, Plaintiff nevertheless failed to allege that Defendant committed an intentional tort or that his supervisors were alter egos of Defendant. *See id.*

Even assuming *arguendo* that Plaintiff pled that an intentional tort was committed by his former employer, or that Treme or Lowery, the tortfeasors, were alter egos of Defendant because they were acting as employees of Defendant, Plaintiff would still be foreclosed from bringing a claim of negligent supervision because he does not allege that he is anything but a former at-will employee seeking pecuniary damages related to his termination. As such, the court finds it futile to grant Plaintiff leave to amend his complaint to further plead intentionality or an alter ego theory.

Although *Simmons* provides an example of when employer liability for personal injury may fall outside of the exclusivity provision of SCWCA, it does not supplant well-established South Carolina law which allows an employer to fire its at-will employees for any reason or no reason at all without incurring liability. As such, the court does not find a clear error of law in its Order.

**B.  *Gause*.**

Turning to the second decision, *Gause*, Plaintiff argues that the court misunderstood the case and misinterpreted South Carolina's at-will doctrine. Plaintiff argues that "*Gause* stands for the proposition that employers under South Carolina's at will employment doctrine do not owe a duty to employees against *unreasonable* terminations." [ECF No. 26 at 4.] But *Gause* does not say that.

Instead, *Gause* held that the plaintiff "fail[ed] to meet the first element of a negligence claim because his complaint failed to allege he was anything other than an at-will employee who could

5

be terminated at any time, for any reason, or for no reason at all, irrespective of any inadequate investigations, false assumptions, or failures to reevaluate on the part of the employer." 451 S.E.2d at 409. Thus, the plaintiff in *Gause* was precluded from stating a negligence claim based solely on his status as an at-will employee, without regard to the reasonableness of his termination. *See id*; *see also Brotherton v. CB&I Project Servs. Grp., LLC*, No. 1:18-cv3539, 2019 WL 1593996, at *2 (D.S.C. Apr. 15, 2019) (noting "Gause's interpretation of South Carolina law to preclude a negligence claim by an at-will employee who wishes to challenge the adequacy of an investigation leading to termination of employment."). Likewise, this court found that in the instant case, Plaintiff's claim that his employer's negligence caused the foreseeable harm of his termination cannot lie because Plaintiff did not allege that he was anything other than an at-will employee who could be terminated at any time, for any reason, or for no reason at all. Thus, the court does not find a clear error law in its application of *Gause*.

### III. Under South Carolina's at-will doctrine, an employer may terminate an employee for "good reason, no reason, or bad reason" without incurring liability.

Finally, Plaintiff argues that the court's ruling misinterpreted South Carolina's at-will doctrine in contradiction to substantive South Carolina precedent. *See* [ECF No. 26 at 2–3.] Plaintiff is incorrect.

As emphasized in the Order, South Carolina law is clear that "[a]n at-will employee may be terminated at any time for any reason or for no reason, with or without cause." *Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C. 2010). And as the Supreme Court of South Carolina recently ruled in *Hall v. UBS Financial Services Inc.*:

> All at-will employment contracts contain a provision allowing the employer to discharge the at-will employee for 'good reason, no reason, or bad reason' without incurring liability. *Culler*, 309 S.C. at 245, 422 S.E.2d at 92. It follows then that the implied covenant of good faith and fair dealing, while it exists in the at-will employment contract, does not infringe upon the employer's right to do what

   the contract allows him to do—terminate the employee for any reason. The employer's motive for firing the employee is immaterial, and the employer may fire the employee—even for a bad reason—without incurring liability for breach of the implied covenant of good faith and fair dealing.

No. 2020-001195, 2021 WL 5626381, at *5 (S.C. Dec. 1, 2021). The court recognizes that *Hall* was decided after the Plaintiff had filed his motion for reconsideration but notes that the case further strengthens the right of an employer to terminate an at-will employee for any reason—even for a bad reason—without incurring liability under South Carolina law.

  Without any obligation for Plaintiff's employer to retain him as an employee, and moreover, having an affirmative right to fire Plaintiff at any time, for any reason, Defendant owed no duty to Plaintiff to supervise its employees in such a way that prevented the foreseeable harm of termination. As a result, Plaintiff's claim for negligence resulting in termination-based damages is foreclosed by the nature of the at-will employment relationship. The court, therefore, finds no clear error in its application of the at-will doctrine or its holding that no duty existed under the facts of the instant case.

## CONCLUSION

  For the foregoing reasons, the court finds no justification for altering or amending its earlier judgment. Plaintiff's motion to reconsider, ECF No. 26, is **DENIED.**

  **IT IS SO ORDERED.**

                    /s/Sherri A. Lydon
December 10, 2021           Sherri A. Lydon
Florence, South Carolina         United States District Judge